**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ex rel. Dennis LEE BAILEY, ) | |
| ) | No. 13 C 144 |
| Petitioner, ) | |
| ) | Judge Jorge L. Alonso |
| v. ) | |
| ) | |
| RICK HARRINGTON, Warden, ) | |
| Menard Correctional Center,[1] ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Dennis Lee Bailey has filed a petition pursuant to 28 U.S.C. § 2254 to set aside his conviction and sentence. Respondent has moved to dismiss the petition as untimely. For the reasons set forth below, the motion is granted.

## Background

In 2005, a jury found Bailey guilty of one count of residential burglary and one count of disarming a peace officer, and he was sentenced to concurrent prison terms of twenty-four years on each count. (*See* Gov't Ex. A, *People v. Bailey*, No. 3-06-0139 at 1, 6 (Ill. App. Ct. Apr. 9, 2008).) The appellate court affirmed his convictions, and on November 26, 2008, the Illinois Supreme Court denied his petition for leave to appeal. (*See id.* at 1; Gov't Ex. B, *People v. Bailey*, No. 106964 (Ill. Nov. 26, 2008).) Plaintiff did not seek a writ of certiorari from the Supreme Court.

---

[1] Harrington has succeeded Michael Atchison as Warden of Menard and is hereby substituted as respondent. *See Bridges v. Chambers*, 425 F.3d 1048, 1049 (7th Cir. 2005) ("A federal habeas corpus action brought by a state prisoner must name as the respondent 'the state officer who has custody' of the petitioner.") (quoting Rule 2(a) of the Rules Governing Habeas Corpus Petitions).

On April 29, 2009, plaintiff filed a pro se petition for post-conviction relief. (*See* Gov't Ex, K, Common Law Record at C000384-450, Post-Conviction Pet.) On July 16, 2009, the trial court denied the petition. (*See id.* at C000470, *People v. Bailey*, 05 CF 787, 04 CF 1066 at C000470 (Cir. Ct. Will Cnty. July 16, 2009).) On August 18, 2009, plaintiff appealed, and on April 4, 2011, the appellate court affirmed the denial of the petition. (*See id.* at C000497, Mot. Notice Appeal; Gov't Ex. D, *People v. Bailey*, No. 3-09-0700 at 2 (Ill. App. Ct. Apr. 4, 2011).) On June 24, 2011, the appellate court denied Bailey's petition for rehearing. (*See* Gov't Ex. E, *People v. Bailey*, No. 3-09-0700 (Ill. App. Ct. June 24, 2011).)

On July 22, 2011, Bailey filed a motion with the Illinois Supreme Court for an extension of time to file a petition for leave to appeal. (*See* Gov't Ex. F, Pet. Leave Appeal, Ex. C, Letter from Clerk of Ill. Sup. Ct. to Bailey (July 27, 2011).) The court granted the motion and gave Bailey until September 2, 2011 to file a petition for leave to appeal. (*See id.*) Bailey did not, however, file a petition by that date. Rather, he filed his petition almost six weeks later, on October 14, 2011. (*See id.*, Ex. C-2.) On January 25, 2012, the court denied it. (*See* Gov't Ex. G, *People v. Bailey*, No. 113380 (Ill. Jan. 25, 2012).)

On January 8, 2013, this Court received plaintiff's § 2254 petition. The petition, which did not have a certificate of mailing, was dated December 12, 2012, but the envelope in which it arrived was postmarked January 3, 2013. (*See* Dkt. 1.)

## Discussion

Section 2254 has a one-year statute of limitations that runs from, as relevant here, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time

2

for seeking such review." 28 U.S.C. § 2244(d)(1)(A). A conviction is final when the direct appeal and any certiorari proceedings are complete or, if petitioner does not seek a writ of certiorari, when the ninety-day period for doing so expires. *Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002). The Illinois Supreme Court denied Bailey's petition for leave to appeal on November 26, 2008, and he did not seek a writ of certiorari. Thus, his conviction became final, and the one-year limitations period under § 2254 started to run ninety days later on February 24, 2009.

The period ran for the next sixty-four days but was tolled from April 29, 2009, when Bailey filed his petition for post-conviction review, through September 2, 2011, the date on which his petition for leave to appeal to the Illinois Supreme Court was due. *See* § 2244(d)(2) ("The time during which a properly filed application for State post-conviction . . . review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.") But when Bailey failed to file the petition by that date, his post-conviction proceedings ceased to be pending within the meaning of § 2244(d)(2), and thus the limitations period began running again on September 3, 2011. *See Griffith v. Rednour*, 614 F.3d 328, 330 (7th Cir. 2010) ("'[A] petition continues to be "pending" during the period between one court's decision and a timely request for further review by a higher court . . . ; it is not sensible to say that the petition continues to be "pending" after the time for further review has expired without action to continue the litigation. That a request may be resuscitated does not mean that it was "pending" in the interim.'") (quoting *Fernandez v. Sternes*, 227 F.3d 977, 980 (7th Cir. 2000)). Forty-one days later, on October 14, 2011, the period was tolled once again when Bailey filed, and the Illinois Supreme Court accepted, his untimely motion to file a petition for leave to appeal. The period remained tolled until January 25, 2012, when the court denied his petition. *See Gutierrez v. Schomig*, 233 F.3d 490,

3

490-91 (7th Cir. 2000) (holding that the § 2254 limitations period is not tolled during the ninety-day period in which defendant could have sought a writ of certiorari with the Supreme Court for review of post-conviction proceedings). Thus, as of January 25, 2012, Bailey had 260 days or until October 11, 2012 to timely file his § 2254 petition. Because he filed this petition on December 12, 2012, at the earliest, it is untimely.[2]

Bailey argues, however, that the doctrine of equitable tolling excuses his untimely filing. "Before the principles of equitable tolling apply, a petitioner must demonstrate, first, that extraordinary circumstances outside of his control and through no fault of his own prevented him from timely filing his petition," and "[s]econd, . . . that he has diligently pursued his claim, despite the obstacle." *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008) (citations omitted). The extraordinary circumstances Bailey identifies are lack of access to the law library during institutional lockdowns and his inability to use the pens provided by the institution because of a "Left hand Disability." (Mot. Leave Resp. Mot. Dismiss at 4.) Bailey does not, however, offer any evidence that shows when Menard was on lockdown during the relevant time period or that library access was, in fact, restricted during those times. He also does not submit evidence that establishes that he has a disability, was unable to obtain whatever assistance he may have needed, or "diligently

---

[2] In 2011 and 2012, Bailey filed two, currently pending, mandamus actions in state court, seeking the production of certain medical records, "[a] police report[,] and grand jury indictment." (*See* Gov't Ex. H, Leave File Pet. Mandamus, 11 MR 654 (Cir. Ct. Will Cnty. July 22, 2011); Gov't Ex. I, Pet. Mandamus, 12 MR 1699 (Cir. Ct. Will Cnty. Apr. 7, 2012).) Because these actions do not seek collateral review of Bailey's conviction, they have no impact on the limitations analysis. *See Price v. Pierce*, 617 F.3d 947, 950 (7th Cir. 2010) (stating that actions for collateral review "are generally limited to challenges to constitutional, jurisdictional, or other fundamental violations that occurred at trial") (quotation omitted); *U.S. ex rel. Topps v. Chandler*, No. 12 C 3028, 2013 WL 1283812, at *3 (N.D. Ill. Mar. 26, 2013) (holding that a mandamus action does not toll the § 2254 limitations period).

4

pursued his claim" despite these alleged issues.  In short, Bailey has not carried his burden of proving that equitable estoppel applies.  Thus, the Court dismisses his petition as untimely.

## Conclusion

For the reasons set forth above, the Court grants respondent's motion to dismiss [20], dismisses Bailey's § 2254 petition as untimely, and terminates this case.  Moreover, because Bailey has not made a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(2).

**SO ORDERED.**                                      **ENTERED: July 16, 2015**

_____
**HON. JORGE L. ALONSO**
**United States District Judge**